### STATE OF VERMONT *v.* CARLTON A. MUNGER.

In an indictment against a person for selling spirituous liquors by the small measure, without a license, it is not necessary that it should be averred to whom they were sold, or the number of the persons.

An averment that the respondent sold *rum, brandy* and *gin,* is sufficient, without an averment that they were spirituous liquors.

The negation of license must be broad enough to cover all the sources from which it might have been obtained.

If the negation of license to sell is, as to quantity, coextensive with the quantity charged to be sold, it is sufficient.

The general negation—"not having a license to sell said liquors, *as aforesaid,*" relates to the time of sale, and not to the time of finding of the bill, and is sufficient.

It is not necessary that the offence of selling spirituous liquors without license, should be charged to have been committed with force and arms.

Where a distinct sale of spirituous liquors is alleged to have been made on a day certain, the count is not vitiated by adding an averment of sales at divers times between that, and the finding of the bill; but the averment may be regarded as surplusage.

The respondent being one of the firm, and having made out a bill of the sale of goods at sundry times, in his o.  . hand writing, upon which was

RUTLAND,
*February,*
1843.

State
*v*
Munger.

entered the sale of spirituous liquors by the small measure, at different times, and which had been receipted by him, such bill of sale is competent evidence to go to the jury to prove a sale; and the person to whom the sale was made need not be produced.

It is no valid objection that the sale purports, by the bill, to have been made on a different day from the one charged in the indictment.

It is not error for the court to charge the jury that, upon such evidence, they could find the respondent guilty.

THIS was an indictment as follows, for selling spirituous liquors by small measure.

"STATE OF VERMONT, *Rutland County, ss.*

'Be it remembered that, at a term of the county court 'begun and holden at Rutland, within and for the county of 'Rutland aforesaid, on the second Tuesday of September, in 'the year of our Lord one thousand eight hundred and forty, 'the grand jurors, within and for the body of the county of 'Rutland aforesaid, now here in court duly impannelled and 'sworn, upon their oath present, that Carlton A. Munger, of 'Rutland, in the county of Rutland aforesaid, on the first 'day of September in the year of our Lord one thousand 'eight hundred and forty, at Rutland aforesaid, did sell and 'dispose of, at his, the said Carlton A. Munger's store, in 'Rutland aforesaid, one gill of rum, one gill of brandy, one 'gill of gin, to divers persons, he the said Carlton A. Munger 'not having a license to sell said liquors as aforesaid, con-'trary to the form, force and effect of the statute in such 'case made and provided and against the peace and dignity 'of the state.

'And the grand jurors aforesaid, on their oath aforesaid, 'further present, that the said Carlton A. Munger, not hav-'ing a license to sell rum, brandy or gin, by the half gill, gill, 'or half pint, did, on the first day of August, in the year of 'our Lord one thousand eight hundred and forty, and at 'divers other times between the day last aforesaid, and the 'time of this presentment, sell rum, brandy and gin, by the 'gill, half gill, and half pint, at his, the said Carlton A. Mun-'ger's store in Rutland, aforesaid, to divers citizens of this 'state, contrary to the form, force and effect of the statute 'in such case made and provided, and against the peace and 'dignity of the state."

Plea, not guilty.

RUTLAND,
*February,*
1843.

State
*v.*
Munger.

The attorney for the state introduced a bill of sale from the firm of Paige & Munger to one Samuel Stocker, in which were entered numerous half pints of rum and brandy, as sold to said Stocker, under dates previous to the first of August, 1840, and which was receipted in full, by the respondent under date of September 2, 1840. It was proved that the respondent was one of the said firm of Paige & Munger, and that the said bill was in his hand writing.

The respondent objected to the reading of the bill in evidence, because the person to whom it purported to have been made, and who appeared by it, to have purchased the liquor, was in the neighborhood, and might have been produced; and also for the reason that, by the bill, no liquor appeared to have been sold after the first of August, 1840.

The court overruled the objection, and the bill was read in evidence. The attorney for the state introduced no evidence of the sale of spirituous liquors by the respondent, other than the said bill of sale.

The court charged the jury, that if they believed the bill to have been made by the respondent, it would be evidence upon which they could find him guilty. The jury returned a verdict of guilty.

The respondent, after verdict, moved in arrest of judgment for insufficiency of the indictment, which motion was overruled by the court.

To the admission of the bill of sale, the charge of the court, and the overruling of the motion in arrest, the respondent excepted.

——— *Hodges,* for respondent.

I. Judgment cannot be rendered upon this indictment, because of its insufficiency.

1. The indictment does not set forth to whom the liquor was sold. The respondent is entitled to full notice of the offence, of his accusers, and of such circumstances as will put him upon his defence, and to have such a description of the matter charged as will enable him to plead his acquittal or conviction in bar to a subsequent prosecution. 1 Stark. Ev. 63, 64; 1 Chit. C. L. 169, 172, 211, 212, 229; 9 Conn. R. 560; 2 Roll. Ab. 79; 2 Strange's R. 699; *King* v. *Horne,* Cowp. R. 682; *Kirby* v. *Perrott,* 2 M. & S. R. 386;

Cro. Eliz. 490 ; Cro. Jac. 20 ; 3 Bac. Ab. 558 ; *Comm'lth v. Maxwell,* 2 Pick. R. 139.  The indictment, if the names are not stated, should, at least, aver that the purchasers were unknown to the jurors.  4 Com. Dig. 684, n. ; 3 Chit. C. L. 672 ; 2 Hale's P. C. 184 ; 3 Mass. R. 126.

2.  The second count is bad, for not alleging a particular day.  An indictment with a *continuando* is a novelty, and there can be found no authority to sustain it.  3 Bac. Ab. 561 ; 10 Vt. R. 91 ; 5 T. R. 607 ; 2 Cowp. R. 828 ; 1 Saund. R. 24, n. 1 ; 3 T. R. 509.

3.  *There is no sufficient denial of license.*  If the indictment negatives the license at all, it must bring the denial within the statute.  2 Burr. R. 679 ; 3 Vt. R. 156 ; 1 T. R. 144 ; 1 Chit. C. L. 284 ; 1 Burr. R. 148 ; 2 do. 1035 ; Statute, 397, sec. 1.

4.  The act of selling " foreign or domestic distilled spirit- ' uous liquors" is a penal offence only by virtue of the prohibitory clause of the statute.  The penal clause describes the offence in similar language, " spirituous liquors or wine." To charge the sale of brandy, rum, or gin, without averring that they are foreign or domestic distilled spiritous liquors, as an offence under this statute, is a legal absurdity.  Stat. p. 400, § 25, p. 397, § 1 ; 1 Chit. C. L. 275–81–83 ; 4 Com. Dig. 539, n. q 1 ; 1 Mass. R. 516 ; 3 Bac. Ab. 569–70 ; 1 Chit. Plead. 267–8 ; 2 Ld. Ray. R. 791 ; 6 U. S. Cond. R. 573, 587 ; 8 Mass. R. 59 ; 1 Saund. 135, n. 3 ; 7 Pet. R. 139 ; 1 Show. 48 ; 2 Burr. 679 ; 1 T. R. 219 ; 8 T. R. 536 ; 6 Conn. R. 9.

II.  The testimony objected to by the respondent was improperly admitted.

1.  It is essential for the prosecuting officer, in criminal cases, to prove, 1, that some offence has been committed. 2. That the respondent is the wrong-doer.  To prove these points, the best evidence the nature of the case will admit of must be produced, if it is at hand.  The testimony objected to is not of this character, and the best testimony was to be had.  4 Mass. R. 646 ; 3 East's R. 193 ; 1 Cowp. R. 439 ; 15 Com. L. R. 399 ; 4 Esp. Cas. 163 ; Phil. Ev. 167–8, 111 ; 9 Cow. R. 30 ; 1 Chit. C. L. 566 ; 7 do. 563 ; 1 Pet. R. 596 ; 9 Conn. R. 278 ; Swift's Ev. 157 ; 12 Vt. R. 111 ;

State
v.
Munger.

22 C. L. R. 305 ; 5 do. 377 ; 1 Pick. R. 375 ; 1 Root's R. 159 ; 10 Vt. R. 458 ; 3 do. 236 ; 2 Hale's P. C. 289.

2. If the testimony was admissible, it should have been taken from the jury, as too remote to justify a verdict. 11 Johns. 231 ; 2 Pet. 133 ; 1 Day's R. 312 ; 3 do. 227.

3. By the bill, no offence appears to have been committed after the 1st of August, though a number of times previous. For *which* of these did the jury convict ?    But one offence can be proved previous to the time set in the indictment. 1 Stark. R. 351.

III.    The charge of the court was incorrect, in that the jury were told, if they believed the respondent *made the bill*, it would be evidence upon which they could find him guilty. 1 Day's R. 312 ; 3 do. 327 ; 5 Conn. R. 406 ; 6 do. 453 ; 15 Wend. R. 147 ; 6 Pet. R. 621 ; 2 do. 133 ; 3 Vt. R. 236 ; 10 do. 464.

In further support of the motion in arrest, we insist, 1. That the indictment is bad, as not containing the words *force* and *arms*.    2. The county court have no original jurisdiction of the offence.    Rev. Stat. 160, § 8, 170, § 1, 400, §24, 466, § 2 ; 1 Caine's R. 37.

*W. C. Kittridge*, state's attorney, for prosecution.

1.    The bill of sale being proved to be in the hand writing of the respondent, and receipted by him, was proper evidence for the jury to weigh as an admission that he had sold the liquors as specified in the bill.    Roscoe's C. Ev. 34, 44 ; *Dernington's case*, 19 Eng. C. L. R. 199.

2.    Rum, gin and brandy are different and distinct species of spirituous liquors.    The latter term, as it is used in the statute, being a generic term, it is necessary to state the species according to the truth of the case, and the indictment would otherwise be insufficient.    Arch. C. P. 47–8, 326 ; *King* v. *Chalkey*, R. & R. 258 ; *Paty's case*, 1 Leach, 72 ; Roscoe's C. Ev. 337 ; 2 East's P. C. 1074.

3.    Time and place need not be proved as laid in the indictment.    Arch. C. P. 37.

The opinion of the court was delivered by

BENNETT, J.—Under the motion in arrest, several objections are urged against the sufficiency of this indictment, which

we will first consider. The general requisites of an indict-
ment require it to be framed with so much certainty, as to
identify the offence, that the grand jury may not find a bill for
one offence, and the prisoner be tried for another ; and that
he may know what accusation he has to meet, and the jury
be able to give a verdict upon it, and the court to see such a
definite crime, that they may apply the punishment which
the law has prescribed, and the prisoner be able to plead his
conviction or acquittal, in bar of a second prosecution for the
same offence. It is said that the indictment is bad, because
it is not averred to whom the liquor was sold, or that the per-
son or persons are unknown. It is of no importance that the
indictment should contain such an averment. The offence
complained of, works no injury upon the individual rights of
the person to whom the sale was made, and none are sup-
posed to be violated. It has no analogy to an indictment
for theft, to which it was likened by the counsel, where the
violation of private right enters into the very essence of the
crime. The case of the *Commonwealth* v. *Maxwell*, 2 Pick.
R. 139, which has been much relied upon, is not in point.
The indictment, in that case, was upon a statute which in-
flicted a specific penalty upon an inn-holder who should en-
tertain, on the Lord's day, any persons who were not trav-
ellers, strangers, or lodgers ; and the penalty was a fixed sum
for each individual so entertained. In some of the counts in
the indictment, it was alleged the respondent had entertained
*certain individuals,* and in others, *divers persons,* &c. It
was no objection, in that case, that the names of the persons
were not given, but the want of the number, without which,
as the statute gave a *per capita* penalty, the court, upon con-
viction, could not know what sentence to pass.

The statute upon which this indictment is founded, gives
but one penalty for a single violation, and it is immaterial,
whether the sale is to one, or divers individuals.

It is said the indictment is bad, for the want of an aver-
ment that rum, brandy and gin were spirituous liquors,
but this objection is without foundation. Rum, brandy and
gin are different *species* of spirituous liquor, considering that
the *genus ;* and the words, in and of themselves, import them
to be spirituous liquors. Where the words have a settled, uni-
form and known meaning, and are universally understood as

importing certain species of spirituous liquors, I know of no rule of pleading, that requires an *averment*, that they belong to their appropriate *genus*.

It is said there is no sufficient negation that the sale was without license. It is true, as was held in the case of the *State* v. *Sommers*, 3 Vt. R. 157, that the negation must be broad enough to cover all the sources from which a license might have been obtained. If it does it is sufficient. Unlike the case of *State* v. *Sommers*, the first count alleges that the respondent sold one gill of rum, &c., *not having a license to sell said liquors as aforesaid.*

Here, the words of negation are general, and without restriction ; and we think they relate to the time of the sale, and not, as has been contended, to the time of finding the bill. If there was otherwise doubt, yet when the pleader adds to his words, denying that the respondent had any license to sell said liquors, the words "*as aforesaid,*" these latter words clearly point to the time of sale.

In the second count, the allegation is, that, not having a license to sell rum &c., by the *half-gill, gill, or half-pint*, the respondent did sell rum, &c., *by the gill, half-gill and half-pint.* In this count, no question is made, but what the time of the negation is the time of the sale, and the words of negation, relative to the quantity of the liquor which the respondent had no license to sell, are coextensive with the quantity which he is charged to have sold.

It is objected, that it is not alleged that the offence was committed with *force and arms.*

At the common law, in indictments for offences, which amounted to an actual disturbance of the peace, and were attended with forcible injuries, as an assault and battery, false imprisonment, and the like, the words *vi et armis* were held necessary ; but in a case like the present, it would be absurd to require them, if not to use them ; as much so as in indictment for libels, conspiracies, and the like. In such cases, they never were held necessary. 3 Bac. Ab. 564.

It is said the second count is bad, on the ground that the offence is laid with a *continuando.*

But it is to be remarked, that a single and distinct offence is charged to have been committed on a day certain ; and what follows by way of a *continuando*, is clearly bad and

would be insufficient of itself to sustain a verdict. But the question now is, does the allegation of the commission of the offence, at divers other times between the 1st of August, 1840, and the time of the presentment of this bill, vitiate this count, so that as to this, the motion in arrest should prevail. The whole of this averment may be stricken out, and yet leave the count a perfect one. It is in no way inconsistent with the other facts alleged. It is altogether superfluous and useless, and may well be rejected as surplusage, according to the maxim, "*utile per inutile non vitiatur.*" If an offence, sufficient to maintain an indictment, be well laid, it is good enough, although other facts be ill laid. 3 Jacob's L. D. by Tomlins, 410.

On the whole, then, we think the motion in arrest was properly overruled.

In regard to the admissibility of the bill of goods sold to Samuel Stocker, there can be no doubt. It was proved that the respondent was one of the firm of Page & Munger, and that the bill was made out by the respondent himself. It contains sundry charges for the sale of rum and brandy by the half pint, and must be regarded as a direct admission by the respondent of such sale. There is nothing in the objection that Stocker should have been produced as a witness, or that it does not appear from the bill, that any sale was made after the first day of August, 1840. Stocker's testimony was no better in the degree, than the admissions of the respondent, and, perhaps, might have been less satisfactory. And the government were not bound to prove the sale on the precise day alleged in the indictment. Whether the evidence, in the opinion of the jury, would have been sufficient, is quite another question. It was undoubtedly necessary that the jury should have been satisfied that this respondent was engaged, personally, in the sale; and that this testimony had a tendency to prove it, no one can doubt. The court in their instructions to the jury, told them, if they believed the bill to have been made out by the respondent, it would be evidence upon which they could find the respondent guilty.

The respondent, in making out, and receiving pay upon, the bill as one of the partners, thus clearly recognized the sale as having been in fact made by the firm, and it is evi-

RUTLAND,
*February,*
1843.

State
*v.*
Munger.

dence to the jury, tending to prove he was personally concerned in it. The court, in effect, refer its sufficiency to the jury. The charge is not given, at length, and we are not to presume that adequate instructions were not given. We do not see that there was error in the court's telling the jury they *could,* upon such evidence, find the respondent guilty. The party excepting must state so much of the proceedings below as show affirmatively, that error has intervened.

The result is, the respondent takes nothing by his exceptions. He was sentenced to pay a fine of $20 and costs of prosecution.