———O———

STATE OF MISSOURI, Appellant, *vs.* JOHN E. LISLES, Respondent.

1. *Indictments—Selling "intoxicating liquors" on Sunday—Dram-shop keeper.* Under the statute (Wagn. Stat., p. 553, § 22) an indictment charging that defendant sold "intoxicating liquors" on Sunday, but failing to aver that he was a dram-shop keeper," is bad.

*Appeal from Stoddard Circuit Court.*

*Geo. Houck*, for Appellant.

*Linus Sanford*, for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

An indictment in this form: "The grand jurors of the State of Missouri, for the body of Stoddard county, upon their oath present, that one John E. Lisles, on the first day of June, 1873, at the county of Stoddard, aforesaid, unlawfully

then and there did sell to a person to these jurors unknown, intoxicating liquor, to-wit: one pint of whisky for five cents; one pint of brandy for five cents; one pint of wine for five cents; one pint of beer for five cents; one pint of lager beer for five cents; one pint of ale for five cents; one pint of gin for five cents, on the first day of the week, commonly called Sunday, against the peace and dignity of the State" was held insufficient on a demurrer assigning in substance as grounds:

1. That the indictment did not charge defendant with any offense under the laws of this State; 2. That the language of the statute creating the offense was not pursued in the indictment; 3. That the indictment attempts to charge that an offense was committed on the first day of the week, commonly called Sunday, when by the indictment it only is shown that the offense was committed on the 1st day of June, 1873.

There is nothing in the third ground of the demurrer, as it is sufficiently clear, that the selling took place on Sunday, the first day of June.

The other grounds assigned will be considered together; and in reference to those, it may be observed, that the expenditure of a very small amount of attention on the part of the prosecuting attorneys to the language of the statute under which indictments should be drawn would prevent quibbles from being raised, indictments from being quashed, costs from accruing; and greatly promote the prompt administration of justice. And it is truly astonishing what carelessness is frequently exhibited in the particular referred to.

Section 35, (p. 504, Wagn. Stat.,) under which the indictment seems intended to have been drawn, forbids the sale by any one on the first day of the week, etc., of "fermented or distilled liquor."

Under Wagn. Stat., (§ 22, p. 553,) a dram-shop keeper is forbidden to sell any "intoxicating liquors" on the first day of the week, etc. But it is not charged in the indictment that the defendant was the keeper of a dram-shop. The indictment is therefore bad, as it is does not fulfill the requirements of either of the sections referred to.

Judgment affirmed; all the judges concur.