# Watson *v.* The State.

*Indictment against Retailer of Spirituous Liquors.*

1.   *Constitutionality of act approved March 18th,* 1875, " *to render more explicit
and to provide for the better enforcement of the provisions of law in reference to the
sale or giving away of spirituous, vinous, or malt liquors.*"—*Held,* on the authority
of *Adler's case,* at the present term, that the act approved March 18, 1875, en-
titled as above, is not violative of the constitutional provision, contained in
the second section of the fourth article, which declares that "each law shall
contain but one subject, which shall be clearly expressed in its title."

2.   *Judicial knowledge of* "*lager beer.*"—The courts will take judicial notice
of the fact that "*lager beer,*" commonly used as a beverage throughout the
country, is a malt liquor.

FROM the Circuit Court of Pike.
Tried before the Hon. H. D. CLAYTON.
The defendant in this case was tried and convicted under

an indictment which charged that he "did sell or give spir-
ituous, vinous, or malt liquor, to one Abe Culver, a minor,
without the requisition of a physician for medicinal pur-
poses." "On the trial," as the bill of exceptions states, "it
was proved that the defendant, within twelve months before
the finding of the indictment, and in said county, sold lager
beer to the person named in the indictment, who was under
twenty-one years of age, and whose father had authorized
the defendant to let him have lager beer whenever he called
for it ; that this authority had never been revoked, and that
the father was not present when the minor purchased and
drank said lager beer. This being all the evidence, the court
charged the jury, at the request in writing of the solicitor,
that they must find the defendant guilty, if they believed the
evidence ; to which charge the defendant excepted."

J. D. GARDNER, for the defendant,

JNO. W. A. SANFORD, Attorney-General, for the State.

BRICKELL, C. J.—The appellant was indicted and con-
victed, under the statute approved March 18, 1875 (Pamph.
Acts 1874-5, p. 280), of the offense of selling or giving to a
minor spirituous, vinous, or malt liquors. The objection now
taken to the constitutionality of this statute, that the sub-
ject is not clearly expressed in the title, was considered at
the present term, in the case of *Adler v. State*, and we said :
"We do not think the objection to the constitutionality of
the act under discussion is well taken. True, the title does
not clearly point to all the provisions of the act. The au-
thorities above cited show that this is not necessary. It
does, however, 'clearly express,' that the 'sale or giving away
of spirituous, vinous, or malt liquors,' is the subject. Every
provision of the statute falls within the scope of this general
subject." We are content with this conclusion.

2. "It is most unquestionable, that courts will take notice
of what is within the common experience or knowledge of
all men."—1 Greenl. Ev. § 6. It is not, therefore, necessary
to prove the meaning of words in the vernacular language,
nor the meaning of terms which, from continuous use, have
acquired a definite signification, generally, if not universally
known. This court has taken judicial notice of the nature of
lotteries, and the manner in which they are conducted.
*Boullemet v. State*, 28 Ala. 88. So, also, of the business of an
ambrotypist and daguerreotypist, and photograph painter.
*Barnes v. Ingalls*, 39 Ala. 193. So, that the word *syndic*, in
the civil law, very nearly corresponds with that of *assignee*

in the common law. *Lager beer* is certainly universally known here as a *malt liquor;* and it would be as vain and useless to offer evidence that such is its character, as that whiskey is a distillation of grain, or wine of fermented juice of the grape, or cider the expressed juice of the apple. The word is now found in the dictionaries commonly used; and from its introduction into this county as a beverage, that it is a malt liquor is known wherever it is drunk, or is an article of commerce. Courts cannot profess ignorance of the meaning of words of popular use, and about the signification of which no intelligent member of the community would hesitate. Evidence that *lager beer* was a malt liquor, was not necessary to support the indictment.

Let the judgment be affirmed.