THE STATE, *Plaintiff in Error*, v. DENGOLENSKY *et al.*

**Pleading, Criminal:** INDICTMENT: DISTILLED LIQUOR. An indictment may be good which fails to charge an offense in the language of the statute creating it, provided words of equivalent meaning and import be used. And where an indictment charges the sale of "intoxicating liquor, to-wit, one pint of whisky," etc., it sufficiently describes the offense of selling "distilled liquor," within the meaning of the statute.

*Error to Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*D. H. McIntyre*, Attorney General, and *John R. Walker*, for the State.

The indictment properly charges the offense prohibited by the statute. The statute, (R. S. 1879, § 1581), forbids the sale of any fermented or distilled liquor and the indictment charges the sale of intoxicating liquor, to-wit: whisky, brandy, wine, beer, lager-beer, ale and gin. Courts will take judicial notice that whisky and brandy are distilled liquors and wine, beer and ale fermented liquors. *State v. Williamson*, 21 Mo. 495; *Watson v. State*, 55 Ala. 158; *Wiles v. State*, 33 Ind. 206; *State v. Moore*, 5 Blackf. (Ind.) 118. And courts will take judicial notice of the fact that the above mentioned liquors are intoxicating. *Intoxicating Liquor Cases*, 25 Kan., 751; *Commissioners v. Taylor*, 21 N. Y. 173; *Schlicht v. State*, 56 Ind. 173; *People v. Wheelock*, 3 Parker's C. C. 9; *Egan v. State*, 53 Ind. 162; *Nevin v. Ladue*, 3 Denio., (N. Y.) 437. It makes no difference that the averment as to the particular kinds of liquor sold is laid under the *videlicet*. It is material and traversable where not inconsistent with and repugnant to what goes before. Here its office is to particularize and describe. *State v. Arbogast*, 24 Mo. 363. It would have been sufficient to charge defendants with selling one pint of whisky, one pint of beer, etc., without more. *State v.*

*Munger*, 15 Vt. 290. It was not necessary that the indictment should follow the exact words of the act. It may use words which in their common acceptation mean the same thing. *State v. Watson*, 65 Mo. 115; *State v. Ware*, 62 Mo. 597; *State v. Melton*, 38 Mo. 368; *State v. Fogerson*, 29 Mo. 416; *Jones v. State*, 51 Miss. 718; *Perryman v. State*, 36 Tex. 321; *Taylor v. Com.*, 20 Gratt., (Va.) 825. The demurrer and the action of the court upon it form a part of the record proper, and there was no necessity for a bill of exceptions. Demurrers only go to defects appearing upon the face of a pleading. R. S., 1879, § 3515. This is the provision in civil practice, and it should be followed in criminal procedure. *State v. Weeks*, 77 Mo. 496; Bliss on Code Pleading, § 404, p. 479; *National Banking, etc., Co. v. Knaup*, 55 Mo. 154.

*Cosgrove, Johnston & Pigott* for defendants in error.

The circuit court properly sustained the demurrer to the indictment. *State v. Lisles*, 58 Mo. 359. Whether whisky is a distilled liquor or beer a fermented liquor, is a question of fact to be submitted to a jury. *State v. Biddle*, 54 N. H. 379.

Martin, C.—The indictment in this case was presumably based upon section 1581 of the statutes, which prohibits the sale of "fermented or distilled liquors" on Sunday. R. S. 1879, § 1581. It charges the defendants with the offense of selling "intoxicating liquor" to-wit: one pint of whiskey, one pint of brandy, one pint of wine, one pint of beer, and one pint of ale for the price of five cents each, on the first day of the week commonly called Sunday. The defendants demurred to the indictment on the ground that they were not charged with the offense prohibited by the statute. The demurrer was sustained and the state prosecutes the present writ of error.

The point involved in this appeal was elaborately con-

sidered in the case of *State v. Williamson*, 21 Mo. 496, by Leonard, J., who rendered the opinion of the court. In that case it was held that an indictment might be good which failed to charge the offense in the language of the statute, provided words of equivalent meaning and import were employed; and that an indictment charging the offense of selling "whisky,' sufficiently describes the offense of selling "distilled liquor" within the meaning of the statute. In the recent case of *State v. Heckler*, 81 Mo. 417, a similar indictment was passed and accepted as sufficient by the court.

In the case of *State v. Lisles*, 58 Mo. 359, an indictment in words identical with the one in this case was held to be insufficient. The point here involved does not seem to have been considered in the last mentioned case, and no allusion is made to the former case of *State v. Williamson*, decided by Judge Leonard. Under these circumstances, I do not think that it was the intention of the court to overrule or depart from the rule laid down in that case. For these reasons, I adhere to the rule in *State v. Williamson*, and decline to follow *State v. Lisles*, as an authority on this point.

Judgment reversed and cause remanded. All concur.