| 78 | 417 |
|----|-----|
| 94 | 93 |

# Wall *v.* The State.

*Indictment for Selling Spirituous Liquors* without License.

1. *Spirituous liquors; what articles are included in the term.*—Under an indictment for selling vinous or spirituous liquors without a license and contrary to law (Code, § 4204; Sess. Acts 1878-9, p. 71), a conviction may be had on proof of a sale of bitters—in this case, *Busby's Bitters*, or *Busby's Improved System Invigorant*—or other decoction of whiskey compounded, in quantity sufficient to intoxicate, with bitter herbs, barks, and other medicinal ingredients, which was bought for use as a beverage, was so used, and produced intoxication.

2. *Same; evidence as to character of article sold.*—The fact that the bitters, or other decoction sold, was classed for the purposes of taxation, by the Treasury Department at Washington, as a proprietary medicinal preparation, is irrelevant, hearsay merely, and has no tendency to show that it does not contain whiskey in sufficient quantity to produce intoxication.

FROM the Circuit Court of Dale.

Tried before the Hon. HENRY D. CLAYTON.

W. D. ROBERTS, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

27

SOMERVILLE, J.—The indictment is for selling vinous or spirituous liquor, without a license, and contrary to law. The evidence shows a sale by the defendant of a certain kind of intoxicating bitters, known as "Busby's Bitters," and other-wise called "Busby's Improved System Invigorant." The decoction was purchased to be drank as a beverage, and when so drank produced intoxication. It was shown to contain whiskey, or high wines, compounded with bitter herbs, barks, and other medicinal ingredients.

The proposition involved in the charge requested by the defendant, and refused by the court, in substance is, that the sale of these bitters is no violation of the law prohibiting the sale of "vinous or spirituous liquors of any kind," as denounced under certain conditions by section 4204 of the Code.—Code, 1876, § 4204, as amended by act of December 3, 1878—Acts 1878-79, p. 71. Or, in other words, that bitters, containing whiskey in sufficient quantities to intoxicate, will not fall within the generic words of the statute, without being specially denominated.

This charge was, in our opinion, properly refused. The courts will take notice of the fact that whiskey is a spirituous liquor, because this is within the common knowledge and experience of all men. Courts are not supposed to be ignorant of what everybody else is presumed to know. And what is thus known, juries are permitted to find, without specific proof being adduced in its support.— *Watson v. The State*, 55 Ala. 158; 2 Whart. Cr. Law (9th ed.), § 1505; *City Council v. Wright*, 72 Ala. 411. It was unnecessary for the statute to denounce the sale of intoxicating bitters *eo nomine*, as is often done from mere abundant caution in many local prohibitory laws. The term "spirituous liquor" is broad enough to embrace any beverage or decoction which contains whiskey, even though it be adulterated with water, or other fluid, if this is not done to an extent which impairs its stimulative and intoxicating quality. If spirituous or vinous liquor be present as a predominant element, the fact is immaterial that the bitters or other beverage may be qualified by other ingredients disguising it as a tonic or medicine. Any other principle would open wide the gate for perpetrating the most transparent frauds upon both the criminal and revenue laws of the State.— *Ryall v. The State, ante*, p. 410. There may be cases, perhaps, where the *bona fide* use of a moderate quantity of spirituous liquor in a medicinal tonic, would not, alone, bring a beverage within the statute.— *Carson v. The State*, 69 Ala. 235; 2 Whar. Cr. Law (9th ed.), § 1506 *b*. But this is ordinarily a question of fact for the jury, and the charge requested

[*Ex parte* Mayor & Aldermen of Florence, *in re* Jones.]

by the defendant fails to raise this phase of the question. 2 Whar. Cr. Law (9th ed.), § 1506 *et seq.*

The evidence offered by the defendant, that the bitters sold were classed by the Treasury Department at Washington, for the purpose of taxation under the United States Revenue Law, as a proprietary medicinal preparation, was irrelevant. It was mere hearsay, and had no tendency to rebut the fact that the beverage contained spirituous liquor in sufficient quantities to produce intoxication.—*Carson v. The State, supra.* There was no error in its exclusion.

The rulings of the court are free from error, and the judgment is affirmed.