THE STATE OF MISSOURI, Defendant in Error, v. VALENTINE EFFINGER, Plaintiff in Error.

St. Louis Court of Appeals, February 10, 1891.

1. Criminal Law : INDICTMENT : SPECIFICATION OF DATE. An indictment for selling intoxicating liquors "on the —— day of June, A. D. 1886, that day being then and there the first day of the week, commonly called Sunday," is not vitiated by reason of the blank left in the specification of the date of the offense.

2. ——— : JUDICIAL NOTICE. A court may take judicial notice that beer is a fermented liquor.

3. ——— : INDICTMENT : NECESSITY FOR FOLLOWING WORDS OF THE STATUTE. An indictment need not follow the precise words of the statute, but may use other words of equivalent import. *Held* accordingly that, when the statute prohibited the sale of fermented or distilled liquor, an indictment for the sale of intoxicating liquor was good, especially when the liquor was further designated by name, and the court took judicial notice that it was a fermented liquor.

VOL. 44—6

*Error to the Iron Circuit Court.*—Hon. John L. Thomas, Judge.

Affirmed.

*George H. Benton* and *Wm. R. Edgar*, for plaintiff in error.

*J. S. Jordan*, for defendant in error.

Thompson, J.—The defendant was indicted, tried and convicted for the offense of selling fermented liquor on the first day of the week, commonly called Sunday. To reverse the judgment he prosecutes a writ of error to this court. He has assigned no errors, has filed no statement or brief, nor has the prosecuting attorney ; but the cause has been taken as submitted by us on the regular call of our docket ; and hence, under the statute, it is our duty to "render judgment upon the record." R. S. 1889, sec. 4297. Proceeding to discharge this duty, we have looked through the record with care, and have discovered no error therein.

A motion was made in the trial court by the defendant to quash the indictment, on the following grounds : *First.* That the indictment does not charge the defendant with any offense under the laws of this state ; *second*, that the language of the statute creating the offense is not pursued in the indictment ; *third*, that the indictment attempts to charge an offense which was committed on the first day of the week, which is commonly called Sunday, when it merely shows an offense committed on the —— day of June, A. D. 1886.

The charging part of the indictment is as follows : "That one Valentine Effinger, late of the county aforesaid, at the county aforesaid, on the —— day of June, A. D. 1886, that day being then and there the first day of the week, commonly called Sunday (said Valentine Effinger being then and there a dramshop-keeper, having

license as such ) did unlawfully then and there sell and dispose of, upon and about his premises, to one Elbert Stone, then and there being, certain intoxicating liquor, to-wit, one-half pint of beer for ten cents, contrary to the form and effect of the statute in such case made and provided, and against the peace and dignity of the state."

The objection to the use of a blank in the description of the date of the offense is not tenable, because the criminal statute of jeofails provides that "no indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected * * * for omitting to state the time at which the offense was committed, in any case, where time is not of the essence of the offense, nor for stating the time imperfectly." R. S. 1889, sec. 4115. In *State v. Stumbo*, 26 Mo. 306, it was held that an indictment was cured by this statute, which even failed to state the *year* in which the offense was committed.

The point, that the indictment does not follow the language of the statute, is not tenable, because it is the law in this state that an indictment need not follow the exact words of the statute, where words of equivalent import are employed. *State v. Ware*, 62 Mo. 597 ; *State v. Watson*, 65 Mo. 115. The indictment, in describing the liquors, does not use the words " fermented or distilled" which are used in Revised Statutes, 1889, sec. 3855; but it describes them as "intoxicating liquors ;" and intoxicating liquors are either fermented or distilled. It also describes the liquor as "one-half pint of beer," and we may take judicial notice of the fact that beer is a fermented liquor. The indictment was good under the holding of the supreme court in *State v. Williamson*, 21 Mo. 496, where an indictment was held good which charged the defendant with selling " an intoxicating liquor, to-wit, one quart of whiskey, on Sunday," although it failed, as in this case, to state, in the words

of the statute, that the liquor was a "fermented or distilled liquor." A similar indictment was held good in *State v. Dengolensky*, 82 Mo. 44, and in *State v. Lisles*, 58 Mo. 359. It should be added that the indictment may have been drawn under Revised Statutes, 1889, section 4590, found in the chapter relating to dramshops, and that it is perfectly good under that section, as was held in the case last cited.

As we perceive no error in the record, we must affirm the judgment. It is so ordered. All the judges concur.