FRITZ REYFELT *v.* THE STATE.

INTOXICATING LIQUORS. *Vinous liquors. Statute against sale of same.* *Code of* 1892, ¿ 1952.

Under a statute forbidding the sale of "vinous" liquors, it is not error to refuse an instruction submitting to the jury the question of fact whether the homemade wine sold by the accused was, or was not, an intoxicant.

FROM the circuit court of the second district of Carroll county.

HON. C. H. CAMPBELL, Judge.

The statute in question is as follows: "1592. *Penalty for selling liquor without a license.*—If any person shall sell or barter or give away to induce trade, any vinous, alcoholic, malt, intoxicating or spirituous liquors, or intoxicating bitters or other drinks which, if drunk to excess, will produce intoxi-

cation, in any quantity less than one gallon, without having a license therefor in pursuance of this chapter," etc.

The opinion states the case presented by the record.

*Southworth & Stevens*, for the appellant.

The evidence shows that the wine in question was not an intoxicating liquor, and would not produce intoxication even when drunk to excess. Under the statute, § 1592, code of 1892, the qualifying phrase or clause, which follows the word "drinks," viz., "which, if drunk to excess, will produce intoxication," relates back to and qualifies the whole preceding . sentence, so that it is evident that the meaning is that it is a violation of that section to sell any of those things named in it, or any other drinks which, if drunk to excess, will produce intoxication. The object of the law is to prevent the evils of intemperance, and it is aimed at those things that will produce drunkenness. If this construction of the law be correct, the court below erred in refusing to submit to the jury the question of whether or not the wine sold by the accused would produce intoxication if drunk to excess.

*Frank Johnston*, attorney-general, for the state.

All wines are vinous liquors, and, in the process of fermentation, become, to a certain limited extent, alcoholic. The legislature prohibited the unlicensed sale of all "vinous" liquors, and there is no power in the courts to engraft an exception upon the statute. The liquor in question was shown to have been "wine," and was, therefore, within the statute.

Argued orally by *Frank Johnston*, attorney-general, for the state.

Cooper, C. J., delivered the opinion of the court.

The statute, for a violation of which the appellant was convicted, makes it unlawful to sell, *inter alia*, any "vinous or alcoholic" liquor. The defendant sold homemade wine made

from the grape and from blackberries, which wine he and his witnesses swore would not intoxicate. He asked the court to instruct the jury to acquit, if it believed from the evidence the wine would not produce intoxication. This the court declined to do, but charged the jury to convict if the sale of wine was proved. This action of the court was correct. The legislature believing in chemistry, and that the process of fermentation of the juice of the grape will produce alcohol, has seen fit to prohibit the sale of such product, and, regardless of the opinion of the witnesses that this prohibited article would not intoxicate, the sale was unlawful, for the legislature prohibited such sales because it thought that alcoholic wines would, in some instances, intoxicate.

*Affirmed.*