Strafford, }
Jan. 1, 1907. }

## STATE v. YORK.

An indictment is not objectionable because the words descriptive of the offence are not identical with those used in the statute, if they are equivalent in meaning and import.

A jury may be permitted to find that ordinary whiskey is spirituous or distilled liquor, as a matter of common knowledge and without specific proof.

In a prosecution under chapter 116, Laws 1905, it is not necessary to allege in the indictment or prove at the trial that spirituous or distilled liquors or wines kept for sale in violation of the statute are in fact intoxicating, or that they contain more than one per cent of alcohol.

INDICTMENT, for illegally keeping liquor for sale in a license town. Trial by jury and verdict of guilty. Transferred from the February term, 1906, of the superior court by *Pike,* J.

The indictment alleged that the defendant, not being a licensed dealer in intoxicating liquor, unlawfully and criminally kept for sale "liquors, namely, one bottle of wine, one bottle of whiskey, and one jug of cider." The court limited the charge to the keeping for sale of wine and whiskey, and instructed the jury that a keeping for sale of cider, or any beverage other than wine and whiskey, would not justify a verdict of guilty.

It appeared that the liquors alleged to have been kept for sale were ordinary wine and whiskey. After the state had rested, the defendant moved that a verdict of not guilty be directed, upon the ground that the state had introduced no evidence that the wine and whiskey were intoxicating, and also because it did not

appear that the liquors contained more than one per cent of alcohol. The motion was denied, and the defendant excepted.

*Dwight Hall*, solicitor, for the state.

*Walter W. Scott*, for the defendant.

BINGHAM, J.   " If any person, not being an agent of a town or city for the purpose of selling spirit, shall sell or keep for sale in any quantity spirituous or distilled liquors, rectified spirits, vinous, fermented, brewed, or malt liquors, wines, or any beverage, by whatever name called, containing more than one per cent of alcohol by volume at sixty degrees Fahrenheit, he shall be fined," etc.   P. S., *c.* 112, *s.* 15, as amended by Laws 1905, *c.* 116.   The defendant was indicted under this statute for unlawfully keeping for sale wine and whiskey.

No objection was taken to the form in which the charge was made, and it would seem that none could have been.   *Tefft* v. *Commonwealth*, 8 Leigh 721.   If the terms used in the indictment to describe the offence were not the same in every particular as those used in the statute, they were equivalent in meaning and import; and where such is the case, the fact that the words of the statute are not followed is not error.   *State* v. *Gove*, 34 N. H. 510, 516 ; *State* v. *Munger*, 15 Vt. 290 ; *State* v. *Williamson*, 21 Mo. 496 ; *State* v. *Heckler*, 81 Mo. 417 ; *State* v. *Dengolensky*, 82 Mo. 44 ; *State* v. *Effinger*, 44 Mo. App. 81.

No exception was taken at the trial that the proof adduced was not sufficient to warrant the jury in finding that the whiskey kept for sale by the defendant was spirituous or distilled liquor; but if such an objection was open to the defendant, it might be said in answer to it that courts will take judicial notice of a fact which everybody is supposed to know, and that jurors may be permitted to find such fact from their common knowledge, without specific proof.   It is within the common knowledge of all men that whiskey is spirituous or distilled liquor; and this being so, the jury were warranted in finding from their knowledge upon the subject that the whiskey in question was spirituous or distilled liquor.   *State* v. *Goyette*, 11 R. I. 592; *State* v. *Rush*, 13 R. I. 198 ; *Adler* v. *State*, 55 Ala. 16 ; *Watson* v. *State*, 55 Ala. 158 ; *Wall* v. *State*, 78 Ala. 417 ; *Downey* v. *State*, 90 Ala. 644; *Freiberg* v. *State*, 94 Ala. 91 ; *State* v. *Schaefer*, 44 Kan. 90 ; Black Intox. Liq., *ss.* 1–19.

It is a recognized rule in the interpretation of statutes that where an act expressly prohibits the sale or keeping for sale of a particular liquor or class of liquors it is not necessary to allege in

an indictment thereunder, or to prove upon the trial, that the particular liquor or class of liquors, the sale of which is forbidden, is intoxicating. *State* v. *Thornton*, 63 N. H. 114; *State* v. *Jenkins*, 64 N. H. 375; *State* v. *Rush*, 13 R. I. 198; *State* v. *McKenna*, 16 R. I. 398; *Hatfield* v. *Commonwealth*, 120 Pa. St. 395; *Reyfelt* v. *State*, 73 Miss. 415; *Kettering* v. *Jacksonville*, 50 Ill. 39; *State* v. *Liquors*, 76 Ia. 243.

In *State* v. *Thornton* and *State* v. *Jenkins*, *supra*, the defendants were indicted under a statute prohibiting the sale or keeping for sale of " lager beer or other malt liquors." The charge in the first case was for keeping for sale lager beer, and in the second for keeping for sale malt liquor, to wit, ale. It was held that, as the keeping for sale of those articles was expressly prohibited by the statute, the state need not allege or prove that either liquor was intoxicating.

In *Reyfelt* v. *State*, *supra*, the defendant was indicted for selling " vinous or alcoholic liquor," under a statute which prohibited any person from selling " any vinous, alcoholic, malt, intoxicating, or spirituous liquor, or intoxicating bitters or other drinks which, if drunk to excess, will produce intoxication." It appeared that the defendant had sold domestic wine made from grapes and blackberries. His testimony and that of his witnesses was that it would not intoxicate, and he requested the court to instruct the jury to render a verdict of acquittal if they believed his evidence. The request was denied, and the jury were told to convict if the sale of wine was proved. An appeal being taken, it was held that inasmuch as the statute made it unlawful to sell "vinous and alcoholic liquor," the charge of the court was correct. In the course of the opinion it was said: " The legislature, believing in chemistry and that the process of the fermentation of the juice of the grape will produce alcohol, has seen fit to prohibit the sale of such product, and, regardless of the opinion of the witnesses that this prohibited article would not intoxicate, the sale was unlawful, for the legislature prohibited such sales because it thought that alcoholic wines would in some instances intoxicate."

And so in the statute here under consideration, we are of the opinion that the legislature prohibited the sale or keeping for sale of " spirituous or distilled liquors, rectified spirits, vinous, fermented, brewed, or malt liquors, [and] wines," because it believed these liquors contained more than one per cent of alcohol and in quantities sufficient to intoxicate; that it further prohibited the sale or keeping for sale of " any beverage, by whatever name called, containing more than one per cent of alcohol," as a class by itself, because it believed that beverages containing more than that quantity of alcohol, if drunk to excess, would intoxicate; and that

it did not intend that a violation of the statute should depend upon whether any liquor or beverage, the sale of which was there prohibited, was in fact intoxicating.

*Exception overruled.*

All concurred.