## ANDERSON *v.* STATE.

[95 South. 637. No. 23181.]

INTOXICATING LIQUORS. *Elements constituting unlawful manufacture "intoxicating liquor" stated.*

The liquors, the manufacture of which is prohibited by section 18, chapter 189, Laws 1918 (Hemingway's Code Supp. 1921, section 2163t), are such as are intended for use as a beverage or capable of being so used, and before a defendant can be convicted of a violation of that statute, it must appear from the evidence: (1) That he manufactured a liquor that can be used as a beverage; and (2) that the liquor is one of the kinds specifically designated in the statute, or that it will in fact intoxicate (citing Words and Phrases, First Series, Intoxicating Liquors).

Appeal from circuit court of Lawrence county.

HON. C. V. HATHORN, Special Judge.

Owen Anderson was convicted of manufacturing intoxicating liquor, and he appeals. Reversed and remanded.

*John H. Arrington,* for appellant.

We submit, the evidence in this case is insufficient to uphold the verdict of the jury; as the very gist of the offense was whether or not appellant willfully, unlawfully and feloniously made the fermented intoxicating liquor commonly called mash or beer. Neither witness for the state is able to say of his own personal knowledge that the mash or beer found in appellant's smokehouse was "intoxicating." Witness Lowe tasted it and it tasted, "strong and sour" and he believed it was intoxicating. Witness Bourn merely smelt it at the time of the raid and brought a sample and this was exhibited to the jury and which I especially call the attention of the court to the evidence of Mr. Bourn, at bottom of p. 17 of Record, where he admits that the sample submitted to the jury was not intoxicating now, see third line from bottom.

Now, we take it, as a matter of fact, that if this sample of beer saved by the witness, stopped up in a bottle and kept in the jail where it could not be tampered with, was not intoxicating on the date of the trial, February 24, 1922, then certainly it was not intoxicating on the morning of the 15th of January, 1922. In other words, if the alcohol was in the sample of beer when placed in the bottle and corked up on the 15th of January, then it would still be in the stuff February 24th, when Mr. Bourn tells the jury that it is not intoxicating then. Certainly taken all in all, the evidence in this case, falls short of sustaining the charge, and upholding the verdict of the jury. In our opinion a much weaker case than that of *Cook et al.* v. *State* (No. 23045), decided December 11, 1922, Advance Sheet, 94 So. 161.

The witness, Lowe, advised appellant to soak his feed for his hogs that were not eating their feed properly, about a week before the raid and in normal weather, would naturally get strong and sour and smell loud, during this time, if put up as honest-to-goodness-hog-feed as appellant swears it was, upon the advice of witness, Lowe. And

we submit the case should be reversed and the appellant discharged.

*C. E. Dorroh,* special agent, for the state.

The detailed statement as to what was found was in rebuttal of appellant's testimony, in which he stated that the mash was for feeding his hogs. It was found, which is a circumstance to show that the mash was not for hogs but for making intoxicating liquor. Appellant is charged with making fermented intoxicating mash or beer and the testimony of the sheriff, which detailed what he found, was to show that it was not hog feed but was mash or beer, as charged in the indictment.

A charge of unlawfully distilling intoxicating liquors can be sustained by circumstantial evidence, just as any other accusation can be. *Stewart* v. *State* (Ala.), 90 So. 49.

Evidence that accused was found in possession of whisky and a still, unsatisfactorily explained, held to sustain conviction for unlawful manufacture. *Milton* v. *State* (Tex.), 244 S. W. 1013. I do not think that appellant's contention in the third assignment is well taken. The remark made by the court, if prejudicial, should not be considered so, as attorney for appellant drew out the answer by his questions and should not complain of his own error. After a careful reading of the record, I do not find anything that would warrant a reversal of this case. Appellee feels that under the testimony appellant got a fair and impartial trial and that this court should not disturb the judgment of the lower court.

SMITH, C. J., delivered the opinion of the court.

The appellant was convicted of manufacturing intoxicating liquor under section 18, chapter 189, Laws of 1918 (Hemingway's Code Supp. 1921, section 2163t).

The indictment charges him with having manufactured "fermented intoxicating liquor commonly called mash or

beer." The evidence is that there was found on his premises and in his possession a barrel containing a mash made of corn chops and molasses which had commenced to ferment, but to what extent does not appear, and which the witnesses judged from its odor would intoxicate if drunk to excess.

The extent of the fermentation and whether the mash was sufficiently liquid to be drunk, or was of such character as to indicate that it was intended or suitable for human consumption, does not appear. The appellant's defense is that he intended to use the mash for hog feed.

There was evidence which, if competent, tended to show that the appellant intended to use the mash in the distillation of spirituous liquor.

The liquors the manufacture of which are prohibited are necessarily such as are "intended for use as a beverage or capable of being so used." Black on Intoxicating liquors, section 2; 4 Words and Phrases, First Series, 3736. Two things must appear before a defendant can be convicted of a violation of the statute: (1) That he manufactured a liquor that can be used as a beverage; (2) that the liquor is one of the kinds specifically designated in the statute (*Feyfelt* v. *State,* 73 Miss. 415, 18 So. 925; *Edwards* v. *City of Gulfport,* 95 Miss. 148, 49 So. 620; *Fuller* v. *Jackson,* 97 Miss. 237, 52 So. 873, 30 L. R. A. [N. S.] 1078), or that it will in fact intoxicate.

Whether the mixture of corn chops and molasses found in the appellant's possession had become sufficiently liquid to be used as a beverage, or was in such condition otherwise as to be suitable for human consumption, does not appear. Consequently one of the elements of the liquor the manufacture of which is prohibited by the statute is here lacking, and the evidence, therefore, is insufficient to support the verdict.

It is not necessary for us to decide whether the second element appears from the evidence.

*Reversed and remanded.*