JONES *v.* STATE.*

(Division A.   Nov. 12, 1928.)

[118 So. 715.   No. 27318.]

*Corpus Juris-Cyc References: Intoxicating Liquors, 33CJ, section 437, p. 721, n. 44.

*Gardner, Odom & Gardner,* for appellant.

374

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

SMITH, C. J. The appellant was convicted in the county court of Leflore county, on an information by the county attorney, charging that she "did then and there unlawfully and knowingly have in her possession malted liquors," etc. She appealed to the circuit court, where the judgment was affirmed, and then brought the case to this court. The record does not contain the evidence on which the case was tried.

The error here assigned is that the information fails to charge an offense. The prosecution is based on sections 1 and 2, chapter 189, Laws 1918 (Hemingway's 1927 Code, sections 2279 and 2280), which prohibit the possession of "spirituous, vinous, malted, fermented, or other intoxicating liquors of any kind." The title of the statute is:

"An Act . . . to make it unlawful to receive, have, control or possess intoxicating liquors in this state," etc.

The appellant's contention is that the statute prohibits only the possession of liquor that will intoxicate, and

therefore the information should have contained language setting forth that the liquor which she is charged with having in possession would intoxicate. We do not so understand the statute. It is true the legislature meant by this statute to prohibit the possession of liquor that would intoxicate. In order to do this, it expressly prohibited the possession of certain specifically named liquors which it assumed would intoxicate, and all other liquors that would intoxicate. The words "other intoxicating" do not qualify the words "spirituous, vinous, malted, fermented . . . liquors" (*Edwards* v. *Gulfport*, 95 Miss. 148, 49 So. 620), but prohibit the possession of liquors, in addition to such as are specifically designated in the statute, that will, in fact, intoxicate (*Reyfelt* v. *State*, 73 Miss. 415, 18 So. 925; *Purity Extract & Tonic Co.* v. *Lynch*, 100 Miss. 650, 56 So. 316; *Fuller* v. *City of Jackson*, 97 Miss. 237, 52 So. 873, 30 L. R. A. (N. S.) 1078; *Anderson* v. *State*, 131 Miss. 584, 95 So. 637).

The cases of *Young* v. *State*, 137 Miss. 188, 102 So. 161, 36 A. L. R. 717, and *Davison* v. *Town of Newton*, 137 Miss. 188, 102 So. 161, 36 A. L. R. 717, are not in point here. The question in those cases was whether Jamaica ginger and other proprietary medicines were included in the prohibition of the statute. The questions there arose on the evidence, and not on the sufficiency of the indictments. "Where the statute expressly prohibits the sale, manufacture, or possession of a particular liquor or class of liquors, it is not necessary to allege that the particular liquor or class of liquors, the sale, manufacture, or possession of which is forbidden, is intoxicating." 33 C. J. 721.

*Affirmed.*