NASH *v.* STATE.

(Division B. Nov. 5, 1934.)

[157 So. 365. No. 31308.]

Jeff Collins, of Laurel, for appellant.

Wm. H. Maynard, Assistant Attorney-General, for the state.

Ethridge, P. J., delivered the opinion of the court.

J. L. Nash, appellant, was tried in a justice of the peace court on an affidavit charging appellant with unlawfully having in his possession malt liquor, to-wit, beer, was convicted in said court, fined two hundred fifty dollars and sentenced to serve thirty days in jail. The case was appealed to the county court of Jones county, tried de novo, and appellant was again convicted, fined two hundred dollars, and sentenced to serve thirty days in jail, from which an appeal was taken to the circuit court where the judgment was affirmed. The case is prosecuted here upon the ground that a constitutional question is involved.

The first contention to be noticed in this opinion is that it is alleged that the affidavit does not charge an offense, in that it was not averred therein that the liquor, if drunk to an excess, would intoxicate, and that the liquors seized were not within the purview of the statute, because the proof showed that the liquor seized under the search was what is known as "home-brew," and there was no proof that it contained alcohol or was intoxicating if drunk to excess. The proof failed to show that the liquor was intoxicating; that it contained alcohol, or whether it had reached that stage that would produce intoxication, but, in our view this is wholly immaterial as the proof showed that the liquor was made from malt, and malt liquors are denounced by the statute as being unlawful to possess. This has been held by this court

in a number of cases, viz.: Jones v. State, 152 Miss. 372, 118 So. 715; Reyfelt v. State, 73 Miss. 415, 18 So. 925; Purity Extract & Tonic Co. v. Lynch, 100 Miss. 650, 56 So. 316; Fuller v. City of Jackson, 97 Miss. 237, 52 So. 873, 30 L. R. A. (N. S.) 1078; Anderson v. State, 131 Miss. 584, 95 So. 637.

It is urged that the affidavit upon which the writ of search and seizure was issued was insufficient to authorize a search, and that the evidence obtained thereby was unlawfully admitted. The affidavit recited that J. C. Hamilton made complaint, saying he had reason to believe and did believe that intoxicating liquors were being manufactured or possessed, sold or offered for sale, or given away in violation of law, in the dwelling house, outhouses, on the premises, at the place of business, in the automobiles or other vehicles occupied by John L. Nash, in said county and state, and that affiant was informed by a credible person that such was the case, and that probable cause for the issuance of a search warrant did exist. It is urged here that, under the case of Nathanson v. United States, 290 U. S. 41, 54 S. Ct. 11, 13, 78 L. Ed. 159, the affidavit and writ to seize and search in the case at bar were insufficient. In this case it was recited that: "Under the Fourth Amendment, an officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor from facts or circumstances presented to him under oath or affirmation. Mere affirmance of belief or suspicion is not enough."

This court, in numerous cases, has upheld affidavits made upon probable cause. Loeb v. State, 133 Miss. 883, 98 So. 449, and the authorities contained in Mississippi Digest Annotated, Cumulative Supplement, vol. 2, title "Searches and Seizures," section 3.

But it is said that we should modify or overrule these cases and conform to the decisions of the Supreme Court of the United States upon the same subject, and that the

effect of the case of Nathanson v. U. S., supra, was to overrule the Mississippi cases referred to.

The provisions of the Fourth Amendment to the Federal Constitution against unreasonable searches and seizures have no application to state proceedings. Smith v. Maryland, 18 How. (U. S.) 71, 15 L. Ed. 269; National Safe Deposit Co. v. Stead, 232 U. S. 58, 34 S. Ct. 209, 58 L. Ed. 504; Bolln v. Nebraska, 176 U. S. 83, 87, 20 S. Ct. 287, 44 L. Ed. 382; and other cases cited in part 2 U. S. C. A., title "Constitution," page 461.

We find no reversible error in the trial of this case and the judgment will be affirmed.

Affirmed.