### State of Vermont v. Jacob Yanizyn

[141 A2d 423]

March Term, 1958.

Opinion Filed May 6, 1958.

*Ernest W. Gibson, III,* State's Attorney, for the State.
*James E. Bigelow* for the respondent.

**Cleary, C. J.** This is a prosecution brought in Brattleboro Municipal Court for the sale of maple syrup in violation of V. S. 47, §7381. The case is here on the State's exception to the granting of the respondent's motion for a directed verdict of not guilty at the close of the State's case. Judgment was stayed.

The complaint, as amended, charged that the respondent "did offer for sale and sell, and falsely misrepresented and labeled and stamped and knowingly permitted such misrepresentation and false stamping and labeling of a one gallon can containing maple syrup, said can being stamped, represented and labeled as being Grade A, whereas in fact it was of a quality and grade lower than Grade A, contrary to the statute in such case made and provided" etc.

Chapter 311 of V. S. 47 deals with "Pure Food and Drugs." Among other provisions is one entitled "Misbranding Maple Sugar and Syrup." Under that subtitle, §7381 provides as follows: "A person who sells or offers for sale, or who falsely stamps or misrepresents or labels any cans, jugs, jars, or packages containing maple syrup, or who sells or offers for sale any maple sugar that is in any way adulterated, or who falsely misrepresents or labels or stamps the same, or knowingly permits such misrepresentation or false stamping or labeling, shall be imprisoned" etc.

The evidence, viewed in the light most favorable to the State, showed that on July 25, 1956 a Mr. Miner stopped at a roadside stand owned and operated by the respondent on the outskirts of Bellows Falls because of a sign advertising maple syrup, Grade A, for $5.00 a gallon. Miner asked the respondent if he had some Grade A syrup for $5.00 a gallon. The respondent answered "Yes"; Miner said "I will take a gallon of Grade A." A saleslady said to Miner and the respondent "I will get it" and did so. The next thing Miner knew she was rubbing on the top of the can. He saw her making a stamping motion. It appeared to be a stamp. He thought the price was being changed on the can, a new stamp for a new price. The saleslady handed the can to Miner, he paid for it and put it in his car. The saleslady testified that she had no duties about

marking or grading syrup and never changed or corrected any grades. The next morning Miner opened the can and discovered it was not of the grade and quality he had expected and that "it looked like molasses." He contacted an inspector for the State Department of Agriculture, who tested the syrup and found it to be Grade C, and not Grade A as stamped on the top of the can, State's Exhibit 1. The top of the can also had a faintly identified letter "B" and the words "Kissell Farm, Putney, Vermont." Mr. Kissell testified that the stamped "Grade A" on State's Exhibit 1 was not his work, that it was a different kind of ink than he used, being black instead of blue, and the letters were a different shape. He testified the stamp "Kissell Farm, Putney, Vermont" on State's Exhibit 1 was his doing. It appeared in evidence that the day after the sale to Miner, the inspector called the respondent's attention to the double grade stamps on State's Exhibit 1 and that the respondent agreed that it looked as though it had been changed. There was no evidence that the respondent knew of any change in the grade before the sale or any fault with the grades before the sale in question. The State inspector tested other cans of maple syrup sold to the respondent and graded by Kissell and found all of them to be graded better than the color of the syrup by one grade. One can of this syrup was introduced into evidence and marked State's Exhibit 2. Kissell testified this can was graded and stamped by him as Grade A. It was really Grade B.

Counsel for the respondent based his motion for a directed verdict on the ground that there was no evidence that the respondent falsely misrepresented or labelled and stamped the can of syrup in question, that the State had the burden of proving all the elements of each offense charged and that the evidence failed to prove that the respondent had anything to do with labelling and stamping the can in question.

The trial court ruled: "in order for the State to obtain a verdict of guilty, the jury must find beyond a reasonable doubt that the respondent did each and every one of the things alleged in the complaint." "The court finds there is no evidence that the respondent labelled and stamped Exhibit State's No. 1. The jury would have to find that he did everything that is

alleged in the complaint and the failure of any part would justify the jury, and in fact compel the jury, to bring in a verdict of not guilty. Therefore, the court is going to grant the motion for a directed verdict."

The State claims the trial court erred in ruling that each and every allegation in the complaint must be proven in order to support a verdict of guilty, where some of the allegations in the complaint are mere surplusage. We agree with that claim.

■■ V. S. 47, §7381 was enacted, manifestly. as a means of protecting the public against fraud by vendors and the imposition of inferior and adulterated maple products, and should be given such interpretation, if possible, within the sound canons of construction, as will secure to the public the benefit intended by the Legislature. The language of the statute does not in terms or by implication make knowledge an element of the offense created except in the case of a violator who knowingly permits a "misrepresentation or false stamping or labeling" to be done. Therefore, with that exception, the offense belongs to that class in which knowledge, or guilty intent, is immaterial and need not be shown in order to justify a conviction. In such case it is the act itself, not the intent, that determines the guilt; the actual harm to the public being the same in one case as in the other. *State* v. *Field*, 95 Vt 375, 380-381, 115 A 296; *State* v. *Vance*, 119 Vt 268, 274, 125 A2d 800. See also 22 Am Jur, pages 873, 874, and the Annotation in 28 ALR, beginning at page 1385.

■ It is perfectly clear from the wording of the statute, with the conjunction "or" separating each act, that the Legislature intended the various acts mentioned to be separate and distinct ways in which the offense could be committed. Proof of any one of these acts, would, in and of itself, prove the offense the statute was intended to prevent and punish. *State* v. *Wixon*, 118 Vt 495, 499, 114 A2d 410.

In the present case the uncontradicted evidence showed that the respondent himself at least offered for sale, sold and falsely misrepresented a gallon can of maple syrup as Grade A which was in fact Grade C. Any of these acts was a violation of the statute. The other allegations in the complaint could

be rejected as surplusage and need not be proved.  *State* v. *Munger*, 15 Vt. 290, 297; *State* v. *Butler*, 17 Vt 145, 151; *State* v. *Gile*, 93 Vt 142, 146-147, 106 A 829; *State* v. *Williams*, 94 Vt 423, 437-438, 111 A 701.

The court below erred in granting the respondent's motion and in directing a verdict of not guilty.  *Therefore the verdict of not guilty is set aside, the order granting the respondent's motion and directing the verdict is reversed and the cause remanded.*