184 So.2d 635 (1966)
Dorothy O'BEAN
v.
STATE of Mississippi.
No. 43855.
Supreme Court of Mississippi.
March 28, 1966.
*636 H.T. Carter, Billy J. Jordan, David J. Whitaker, Jr., Columbus, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice.
Appellant was found guilty of possession of intoxicating liquor by the Circuit Court of Lowndes County and sentenced to pay a fine of $100 and the costs of court. She appeals.
The only assignment of error is that the affidavit praying the issuance of the search warrant did not allege any facts or circumstances from which a neutral and detached magistrate could find probable cause for the warrant to issue.
The appellant cites in support of this position a recent decision of the United States Supreme Court, Aguilar v. State of Texas, 378 U.S. 108, 84A S.Ct. 1509, 12 L.Ed.2d 723 (1964), which sets forth the standard by which probable cause shall be determined under the Fourth Amendment to the United States Constitution.
Some years ago the Fourth Amendment standards of the Federal Constitution were not required to be followed by the state courts and were in fact not followed by this Court as illustrated by the case of Nash v. State, 171 Miss. 279, 157 So. 365 (1934), wherein we held, in dealing with a similar situation, the following:
But it is said that we should modify or overrule these cases and conform to the decisions of the Supreme Court of the United States upon the same subject, and that the effect of the case of Nathanson v. U.S., supra [290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159], was to overrule the Mississippi cases referred to.
The provisions of the Fourth Amendment to the Federal Constitution against unreasonable searches and seizures have no application to state proceedings. Smith v. Maryland, 18 How. (U.S.) 71, 15 L.Ed. 269; National Safe Deposit Co. v. Stead, 232 U.S. 58, 34 S.Ct. 209, 58 L.Ed. 504; Bolen v. Nebraska, 176 U.S. 83, 87, 20 S.Ct. 287, 44 L.Ed. 382; and other cases cited in part 2 USCA, title "Constitution," page 461. (171 Miss. at 281, 282, 157 So. at 366.)
However, the former day is gone and we are constrained to follow the decisions of *637 our highest court in regard to the standard that must be applied by the state courts in determining probable cause, as in Ker v. State of California, 374 U.S. 23, 83A S.Ct. 1623, 10 L.Ed.2d 726 (1963), it was held:
We specifically held in Mapp [Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961)] that this constitutional prohibition is enforceable against the States through the Fourteenth Amendment. This means, as we said in Mapp, that the Fourth Amendment "is enforceable against them (the states) by the same sanction of exclusion as is used against the Federal Government," by the application of the same constitutional standard prohibiting "unreasonable searches and seizures." 367 U.S., at 655, 81 S.Ct., at 1691, 6 L.Ed.2d 1081. We now face the specific question as to whether Mapp requires the exclusion of evidence in this case which the California District Court of Appeals has held to be lawfully seized. (374 U.S. at 30, 31, 83A S.Ct. at 1628, 10 L.Ed.2d at 736)
* * * * * *
We reiterate that the reasonableness of a search is in the first instance a substantive determination to be made by the trial court from the facts and circumstances of the case and in the light of the "fundamental criteria" laid down by the Fourth Amendment and in opinions of this Court applying that Amendment. Findings of reasonableness, of course, are respected only insofar as consistent with federal constitutional guarantees. As we have stated above and in other cases involving federal constitutional rights, findings of state courts are by no means insulated against examination here. See, e.g., Spano v. [People of State of] New York, 360 U.S. 315, 316, 79 S.Ct. 1202, 1203, 3 L.Ed.2d 1265 [1267] (1959); Thomas v. [State of] Arizona, 356 U.S. 390, 393, 78 S.Ct. 885, 887, 2 L.Ed.2d 863 [866] (1958); Pierre v. [State of] Louisiana, 306 U.S. 354, 358, 59 S.Ct. 536, 538-539, 83 L.Ed. 757 [760] (1939). While this Court does not sit as in nisi prius to appraise contradictory factual questions, it will, where necessary to the determination of constitutional rights, make an independent examination of the facts, the findings, and the record so that it can determine for itself whether in the decision as to reasonableness the fundamental  i.e., constitutional  criteria established by this Court have been respected. (374 U.S. at 33, 34, 83A S.Ct. at 1630, 10 L.Ed.2d at 738.)
It is our duty, therefore, to make the determination of probable cause in the light of Fourth Amendment standards. The pertinent parts of the affidavit upon which the search warrant was issued are:
This day S.N. Massey, Police Officer, came and personally appeared before the undersigned * * * Ex-officio Justice of the Peace * * * and makes oath that he has reason to believe, and does believe, that intoxicating liquors are being * * * sold * * * and this belief is not feigned or malice against the said occupants but is founded on creditable information in that the affiant has been informed by a creditable person that such is a fact. * * *
The warrant itself contains the following language:
Whereas, S.N. Massey, Police Officer has this day made complaint on oath, before the undersigned in and for said county, that he has reason to believe and does believe, that intoxicating liquors are being manufactured or possessed, sold, or offered for sale, or given away, in violation of law in the dwelling house * * * used or occupied by Occupants * * * in that he has been informed by a creditable person that such is the case, and the undersigned, after having examined and considered the affidavit, and also after having heard and *638 considered evidence in support thereof, doth find that probable cause for the issuance of a search warrant in the premise does exist. (Emphasis added.)
In considering an affidavit in support of an application for a search warrant, in Aguilar v. State of Texas, 378 U.S. 108, 84A S.Ct. 1509, 12 L.Ed.2d 723 (1964), the Court held that an evaluation of the constitutionality of a search warrant should begin with the rule that the informed and deliberate determinations of magistrates empowered to issue warrants are to be preferred over the hurried actions of officers who may happen to make the arrests. The Court further held that the purpose of the affidavit is to enable the appropriate magistrate to determine the existence of probable cause from the facts alleged therein. In making this determination the Court held that the magistrate could not accept the mere conclusion of the affiant, but must base the issuance of a warrant upon some of the underlying facts or circumstances, as to do otherwise would be to accept the affiant's determination rather than his own. In short, the acceptance of an inference or conclusion of the affiant by the magistrate is merely to "rubber stamp" the belief of the investigating officer. In Aguilar, supra, these standards were applied to the following affidavit:
Affiants have received reliable information from a credible person and do believe that heroin, marijuana, barbiturates and other narcotics and narcotic paraphernalia are being kept at the above described premises for the purpose of sale and use contrary to the provisions of the law. (378 U.S. at 109, 84A S.Ct. at 1511, 12 L.Ed.2d at 725.)
The Court held that the affidavit was not sufficient to meet the Fourth Amendment standards inasmuch as it did not include any facts upon which the magistrate could "judge for himself the persuasiveness of the facts relied on * * * to show probable cause." The affidavit requesting the search warrant here similarly does not allege any facts or circumstances from which the officer could judicially ascertain or determine probable cause. It sets forth nothing more than the mere conclusion of the affiant founded upon information obtained from an unknown creditable person. The affidavit does not, therefore, attain the standard required by the Fourth Amendment as defined in Aguilar, nor does it attain the standards imposed on this Court by that case, the same now being synonymous.
The State argues, however, that the words in the warrant, "and also after having heard and considered evidence in support thereof * * *", when used in conjunction with the affidavit, ascend to the requirements of the Fourth Amendment. This argument is most persuasive as we are aware of the numerous decisions of this Court upholding similar affidavits and warrants; however, we resist the argument, as the words of the warrant "considered evidence", as did those of the affidavit, fail to portray any of the underlying facts or circumstances upon which a judicial determination could be made as to whether probable cause existed.
The standard required by Aguilar, which we are obliged to follow, is that an affidavit seeking a search warrant, though it may be based on hearsay information and need not reflect the direct personal observations of the affiant, must contain some of the underlying facts or circumstances from which a detached and neutral judge can fairly ascertain that probable cause does exist for the issuance of the warrant.
The trial court heard this case on stipulated facts and no opportunity was afforded it to ascertain the facts behind the affidavit and warrant, which it has the authority to do, had the question been properly *639 raised. See Henry v. State, 174 So.2d 348, 351 (Miss. 1965), wherein we stated:
[T]he person who desires to suppress evidence alleged to have been wrongfully seized may do so by making a motion similar to the motion permitted in the federal court at any time after the indictment and prior to the trial  asking the trial court to suppress the evidence on the ground that it was obtained in violation of rights under the United States Constitution.
The holding of this Court in Mai v. State, 152 Miss. 225, 119 So. 177 (1928), that the issuance of the warrant is a conclusive judicial finding of the magistrate of the existence of probable cause therefor and cannot be inquired into pursuant to appropriate pleadings, is hereby expressly overruled.
Reversed and rendered.
All Justices concur.