192 So.2d 270 (1966)
Alvie James WALKER
v.
STATE of Mississippi.
No. 44147.
Supreme Court of Mississippi.
November 21, 1966.
*271 Garland D. Upton, Columbia, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice:
The Appellant, Alvie James Walker, was found guilty of possession of intoxicating liquor by a Justice of the Peace of the Second District of Walthall County, Mississippi Walker appealed to the Circuit Court of Walthall County and upon a trial de novo was again found guilty and was sentenced to pay a fine of $200 and to serve 30 days in the Walthall County jail with the jail sentence being suspended during two years good behavior. From this judgment of the Circuit Court, the appellant has appealed to this Court.
The affidavit for a search warrant in the instant case is subject to the same objections and condemnation as was the affidavit and warrant in O'Bean v. State, 184 So.2d 635 (Miss., 1966), and for this reason, the judgment of the lower court must be reversed and judgment rendered here for the appellant.
The pertinent part of the affidavit is, as follows:
"This day personally appeared before me, the undersigned officer of said county, J.C. Knippers of said County, who is known to be a credible person, who upon his oath says that he has reason to believe, and does believe that intoxicating liquor is being (strike out any of the following not to be sworn to):
((1)) Stored, kept, owned, controlled or possessed for purposes of sale in violation of law.
(2) Sold or offered for sale in violation of law.
((3)) Manufactured or distilled, in violation of law.
(4) Attempted to be manufactured or distilled in violation of law.

*272 (5) Attempted to be transported in violation of law.
in the residence, outhouses, barns, stalls, smokehouses, crib, and in the field, yard, and garden and woods near the residence of
Alvie James Walker & Wife in the 2nd district of said Walthall County, Mississippi, and on Section 9 Township 2 Range 11 in said Walthall County, Mississippi, and more particularly described as follows:
W 1/2 SW 1/4, 80A. MORL.,
ALSO ALL VEHICLES ON SAID PROPERTY in violation of the laws of the State of Mississippi."
"* * *"

"And this belief is not feigned of malice against Alvie James Walker & Wife who is believed to be guilty of said violations, but is founded on credible information." (Emphasis added.)
The search warrant itself recites in part as follows:
"Whereas, J.C. Knippers has this day made complaint on oath, before the undersigned officer, in and for said county, that he has reason to believe, and does believe, that intoxicating liquor is being (strike out any of the following not sworn to):
(1) Stored, kept, owned, controlled or possessed for purposes of sale in violation of law.
(2) Sold or offered for sale in violation of law.
(3) Manufactured or distilled, in violation of law.
(4) Attempted to be manufactured or distilled in violation of law.
(5) Attempted to be transported in violation of law,
in the residence, outhouses, barns, stalls, smokehouses, crib, and in the field, yard, and garden and woods near the residence of
Alvie James Walker & Wife in the 2nd district of said Walthall County, Mississippi, and Section 9 Township 2, Range 11, in said Walthall County, Mississippi, and more particularly described as follows:
W 1/2 SW 1/4, 80A. MORL.,
ALSO ALL VEHICLES ON SAID PROPERTY.
in violation of the laws of the State of Mississippi."
"* * *"
"And the undersigned having examined and considered said affidavit and also after having heard and considered evidence in support thereof, doth find that probable cause for the issuance of a search warrant in the premises doth exist:" (Emphasis added.)
The affidavit and search warrant in the O'Bean case were in almost the identical language.
The Fourth Amendment to the Constitution of the United States provides that:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." (Emphasis added.)
The provisions of the Fourth Amendment against unreasonable searches and seizures and against the issuance of a search warrant except upon probable cause, supported by oath or affirmation, were made applicable to the States through the Fourteenth Amendment to the United States Constitution. Mapp v. State of Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
*273 This Court in the O'Bean case discussed Mapp v. State of Ohio and the later case of Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).
In summarizing the holding in Aguilar v. State of Texas, supra, this Court said:
"The Court further held that the purpose of the affidavit is to enable the appropriate magistrate to determine the existence of probable cause from the facts alleged therein. In making this determination the Court held that the magistrate could not accept the mere conclusion of the affiant, but must base the issuance of a warrant upon some of the underlying facts or circumstances, as to do otherwise would be to accept the affiant's determination rather than his own. In short, the acceptance of an inference or conclusion of the affiant by the magistrate is merely to `rubber stamp' the belief of the investigating officer." 184 So.2d at 638.
The United States Supreme Court held in Aguilar that the affidavit was not sufficient to meet the requirements of the Fourth Amendment to the United States Constitution inasmuch as it did not include any facts upon which the magistrate could "judge for himself the persuasiveness of the facts relied on * * * to show probable cause."
The affidavit for the search warrant in the instant case similarly does not allege any facts or circumstances from which the justice of the peace could judicially ascertain or determine probable cause. It sets forth nothing more than the mere conclusion of the affiant founded upon what he considered credible information. The affidavit does not, therefore, meet the requirements of the Fourth Amendment as defined in Aguilar and O'Bean.
These fatal defects in the affidavit are not cured by the following language in the search warrant:
"And the undersigned having examined and considered said affidavit and also after having heard and considered evidence in support thereof, doth find that probable cause for the issuance of a search warrant in the premises doth exist:" (Emphasis added.)
Neither the affidavit nor the search warrant lists any of the underlying facts or circumstances upon which a judicial determination could be made as to whether probable cause existed. We said in O'Bean:
"The standard required by Aguilar, which we are obliged to follow, is that an affidavit seeking a search warrant, though it may be based on hearsay information and need not reflect the direct personal observations of the affiant, must contain some of the underlying facts or circumstances from which a detached and neutral judge can fairly ascertain that probable cause does exist for the issuance of the warrant." 184 So.2d at 638.
The judgment of the lower court is, therefore, reversed and judgment rendered here for the appellant.
Reversed and judgment here for appellant.
GILLESPIE, P.J., and RODGERS, PATTERSON and INZER, JJ., concur.