SMITH, Justice:
Moseler Burnett was convicted in Justice of the Peace Court upon an affidavit charging her with the unlawful possession of whiskey. On appeal to the Circuit Court of Lincoln County, she was tried de novo upon that charge, was again convicted, and was sentenced to pay a fine of $500. She appeals here from that conviction and sentence.
Evidence relied upon to support the conviction was obtained by the forcible search of appellant’s home by the sheriff. In making the search, the sheriff acted under the authority of a search warrant obtained by him from a Justice of the Peace. The warrant was issued by the Justice of the Peace upon the sheriff’s affidavit that he had reason to believe and did believe that appellant unlawfully possessed intoxicants in her home, and that this belief was based on “information given me by a person who on other occasions has given me information found to be true and correct.” The affidavit contained no further statement of any facts capable of supporting a finding that probable cause existed for the issuance of a search warrant.
At the trial the sheriff testified that, acting under the warrant, he had entered appellant’s home where he found some whiskey in a small stew pot on the stove and a half-pint bottle on or behind a trunk. A further elaboration of the facts is unnecessary as we have concluded that the conviction cannot stand as the case is controlled by Walker v. State, 192 So.2d 270 (Miss. 1966), O’Bean v. State, 184 So.2d 635 (Miss.1966) and Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964).
The cases cited have established the rule that, under the Fourth Amendment to the United States Constitution, in order to justify the issuance of a valid search warrant the basic affidavit must include a statement by the affiant of the underlying facts and circumstances upon which he relies as constituting probable cause so that the magistrate may “judge for himself the persuasiveness of the facts * * * to show probable cause.” The affidavit in the present case was fatally deficient in this respect.
For the reasons stated in the cases cited above, the conviction must be reversed and the appellant discharged.
Reversed and appellant discharged.
ETHRIDGE, C. J., and RODGERS, JONES and BRADY, JJ., concur.