JONES, Justice.
In the Circuit Court of DeSoto County, Mississippi, appellant was convicted of the unlawful possession of intoxicating liquor. The evidence was obtained pursuant to a defective search warrant. A motion to suppress was made and overruled. The pertinent part of the affidavit for the search warant reads as follows:
The affiant had received information from reliable informants, who have proven to be reliable in the past because of information that they have given in the past that has been proven to be true and correct, that an illegal whiskey distillery was being concealed on the above described property and also that whiskey was being stored for the purpose of sale.
The search warrant issued pursuant thereto recites:
This Court, having examined and considered said affidavit, and also having heard and considered evidence in support thereof from the affiants named therein does find that probable cause for the issuance of a search warrant does exist.
These are substantially the same provisions as contained in the affidavit and search warrant in O’Bean v. State, 184 So.2d 635 (Miss. 1966). They were found defective in the O’Bean case for the reasons therein stated.
The present case is somewhat stronger than the 0’B.ean case insofar as the statement in the search warrant that the court had considered the evidence thereon is concerned. When the motion to suppress in the instant case came on for hearing, the state introduced the person who made the affidavit and obtained the search warrant. He testified that he merely laid the affidavit before the justice of the peace and told him that he wanted a search warrant, and the warrant was issued. He said the entire time before the justice of the peace could not have exceeded ten minutes and that there was no conversation regarding the facts upon which the affidavit was made. The testimony clearly shows that no evidence of any kind was *563 taken before the justice of the peace issuing the warrant.
On the strength of O’Bean, supra, and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) together with Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), we know of no course we can take except to reverse this case and discharge the appellant.
Reversed and appellant discharged.
ETHRIDGE, C. J., and BRADY, INZER, and ROBERTSON, JJ., concur.