394 So.2d 1355 (1981)
Hal WILBORN
v.
STATE of Mississippi.
No. 52301.
Supreme Court of Mississippi.
March 4, 1981.
Rehearing Denied March 18, 1981.
*1356 G. Jyles Eaves, Eaves & Eaves, Henry Lee Rodgers, Louisville, for appellant.
Bill Allain, Atty. Gen., by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
EN BANC.
WALKER, Justice, for the Court:
This is an appeal from the Circuit Court of Noxubee County, Mississippi, wherein the appellant, Hal Wilborn, was convicted of unlawfully possessing marijuana in an amount greater than an ounce, but less than one kilogram, with the intent to deliver same; and, under Count 2 of the same indictment was convicted of unlawfully possessing phencyclidine. On Count 1 he was sentenced to five years in the custody of the Department of Corrections and fined $3,000. On Count 2 he was sentenced to three years in the custody of the Department of Corrections and fined $2,000. Being aggrieved, Wilborn perfects this appeal. We affirm.
The appellant did not object in the lower court to being tried on the two separate counts and that issue is not on appeal here.
The appellant briefs four assignments of error. However, only two warrant discussion.

I.
The appellant first contends that "The Trial Court erred in failing to sustain the Defendant's motion requesting the court to quash a search warrant and the evidence of the fruits of an illegal search based upon an affidavit fatally defective."
*1357 On December 4, 1978, Cecil Russell, Sheriff, James L. Barnett and Willam V. Holley, Deputy Sheriffs, went to Justice Court Judge J.S. Dinsmore and presented him with an instrument styled "affidavit for search warrant," sworn to and subscribed by them before the said Judge Dinsmore and properly attested by the Judge. Judge Dinsmore also heard the officers testify under oath. The appellant does not challenge that the additional facts testified to would have enabled the judge to fairly ascertain from the affidavit and testimony that probable cause existed for the issuance of the warrant. However, the appellant does challenge the authority of a judicial officer to supplement a written affidavit for a search warrant, which is insufficient in itself to show probable cause for the issuance of a search warrant, with oral testimony under oath from the officers who executed the search warrant.
The question presented is whether an affidavit for a search warrant, which does not state sufficient facts and circumstances to enable the issuing officer to fairly ascertain that probable cause exists for the issuance of a search warrant, may be supplemented by sworn testimony of the officers concerning facts and circumstances which are sufficient to show that probable cause exists for the issuance of a search warrant?
This Court spoke to the question of supplementing an otherwise defective affidavit for a search warrant with oral testimony made under oath to a judicial officer, in Prueitt v. State, 261 So.2d 119 (Miss. 1972). In Prueitt, this Court stated that "Oral testimony is admissible before the officer who is requested to issue a search warrant." Id. at 123. In commenting on this particular oral testimony, the Court stated: "We think the affidavit is sufficient to show probable cause; but if it is not, certainly it, with the evidence before the judicial officer issuing the warrant, was sufficient." Id. at 124.
In Walker v. State, 192 So.2d 270 (Miss. 1966), the Court held a defective affidavit was not cured by the following language in the warrant:
And the undersigned having examined and considered said affidavit and also after having heard and considered evidence in support thereof, doth find that probable cause for the issuance of a search warrant in the premises doth exist. (Emphasis added). (Id. at 273).
It is clear from the holdings in Prueitt and Walker, supra, that if there is a challenge to the sufficiency of the underlying facts and circumstances in the affidavit for issuance of a search warrant, a mere statement in the affidavit that the judicial officer also heard and considered evidence in support thereof and that probable cause for the issuance of a search warrant exists is not sufficient. However, it is also clear that when the officer who testified, or the judicial officer who heard the testimony, is able to recall that testimony when the affidavit is challenged, we will consider this sworn unrecorded oral testimony, along with the affidavit, in our determination as to whether probable cause existed for issuance of the search warrant.

II.
The appellant next assigns as error that "The trial court erred in permitting the State to introduce evidence of a crime other than that for which the defendant was charged."
The relevant facts to this assignment of error are as follows: Before the search warrant was issued, the officers had concealed themselves near Wilborn's property and had observed known drug users coming and going from his house. While approaching Wilborn's house to serve the search warrant, the officers observed two men getting into an automobile and starting to leave. They stopped the car and arrested the occupants for possession of marijuana. The officers then went to Wilborn's house, served the search warrant, searched the house, found marijuana and arrested Wilborn. One of those arrested in the automobile was Robert Maxwell, who testified at the trial of Wilborn that he had been in Wilborn's *1358 house on the night in question, that he had seen marijuana there, and had purchased marijuana from Wilborn at that time.
Wilborn contends that Maxwell's testimony that he purchased marijuana from Wilborn that night was evidence of another crime and, therefore, inadmissible and reversible error. Ordinarily, in a criminal prosecution, evidence of offenses other than charged in the indictment is not admissible. However, this rule does not apply when the evidence of the other offense is so closely connected with the offense charged as to show the defendant's intent. Thompson v. State, 309 So.2d 533 (Miss. 1975), cert. denied, 423 U.S. 924, 96 S.Ct. 266, 46 L.Ed.2d 150 (1976); Younger v. State, 301 So.2d 300 (Miss. 1975).
Here, Maxwell's testimony with reference to purchasing marijuana from Wilborn a few minutes prior to the officers going into Wilborn's house and his having seen marijuana there and having marijuana handed to him was so closely related in point of time as to have a material bearing on Wilborn's intentions with reference to the remaining marijuana in his possession, which is the subject of the conviction sub judice.
We are of the opinion that the testimony of Maxwell with reference to his purchase of marijuana from Wilborn was properly admitted for the purpose of showing that Wilborn had the remaining marijuana in his possession with intent to deliver it as charged in the indictment.
Finding no reversible error, the judgment and sentence of the lower court are therefore affirmed.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, BOWLING and LEE, JJ., concur.
PATTERSON, C.J., and HAWKINS, J., dissent.
BROOM, J., joins Part I of this opinion and joins the dissent as to the testimony of Robert Maxwell.
PATTERSON, Chief Justice, dissenting:
I respectfully dissent from the majority opinion.
My interpretation of the question in this case is different from that of the majority wherein the issue is stated:
The question presented is whether an affidavit for a search warrant, which does not state sufficient facts and circumstances to enable the issuing officer to fairly ascertain that probable cause exists for the issuance of a search warrant, may be supplemented by sworn testimony of the officers concerning facts and circumstances which are sufficient to show that probable cause exists for the issuance of a search warrant? (emphasis added).
The affidavit in this case states none of the underlying facts and circumstances which establish probable cause. Therefore, in my opinion, it does not fall into the cases in Mississippi which state an affidavit for a search warrant may be supplemented by sworn oral testimony. In this case there was nothing in the affidavit showing probable cause. All it contained was a description of the place to be searched, a statement that the location was occupied and controlled by Hal Wilborn, a description of the thing to be seized, and a statement that possession of the thing to be seized was in violation of Section 41-29-139 of the Mississippi Code Annotated (1972). Part 5 of the affidavit stated in part:
The facts tending to establish the foregoing grounds for issuance of a Search Warrant are shown on a sheet headed "Underlying Facts and Circumstances" which is attached hereto, made a part hereof and adopted herein by reference.
However, no underlying facts and circumstances sheet was attached. Therefore, none of the facts establishing probable cause was included in the written affidavit. Prior decisions of this Court have only allowed sworn oral testimony to supplement an affidavit where some of the underlying facts and circumstances are included in the affidavit. In O'Bean v. State, 184 So.2d 635, 638 (Miss. 1966) we stated:

*1359 The standard required by Aquilar, which we are obliged to follow, is that an affidavit seeking a search warrant, though it may be based on hearsay information and need not reflect the direct personal observations of the affiant, must contain some of the underlying facts and circumstances from which a detached and neutral judge can fairly ascertain that probable cause does exist for the issuance of the warrant. (emphasis added).
Moreover, in Prueitt v. State, 261 So.2d 119, 124 (Miss. 1972), relied on by the majority for their decision that the oral testimony alone was sufficient to establish probable cause, the Court pointed out that the affidavit alone was sufficient to show probable cause; but if it was not, "certainly it, with the evidence before the judicial officer issuing the warrant, was sufficient." (emphasis added). Therefore, in my opinion, Prueitt is applicable to those cases where the affidavit contains some of the facts showing probable cause, and not to the instant case where none of the facts establishing probable cause were in the affidavit.
Furthermore, the Mississippi Legislature has required that the affidavit contain the grounds for issuing the warrant.
Section 41-29-157 of the Mississippi Code Annotated (Supp. 1980) provides in pertinent part:
(2) A search warrant shall issue only for an affidavit of a person having knowledge or information of the facts alleged, sworn to before the judge or justice of the peace and establishing the grounds for issuing the warrant... . (emphasis added).
The Fourth Amendment to the United States Constitution and the Mississippi constitutional provision differ from Section 41-29-157 inasmuch as they only require an oath or affirmation, while the statute mandates an affidavit.
Section 23 of the Mississippi Constitution states:
The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized. (emphasis added).
An affidavit is defined as a sworn statement in writing made before an authorized official. See Black's Law Dictionary 80 (Rev. 4th ed. 1968). Therefore, by requiring a written instrument, the statute dictates more protection to the individual than the constitutional provisions. This position was taken in Louisiana in State v. Case, 363 So.2d 486, 488 (La. 1978):
The Constitution establishes the outer limit of governmental action with respect to individuals; beyond a specified point the state may not interfere in the lives of the citizens in the exercise of the police power. For this reason a warrant may not issue on mere suspicion or, even if based on probable cause, if the probable cause is supported only by a statement not made under oath. Yet nothing in the Constitution prevents the legislature from increasing the limitations on governmental action. This the legislature has done by enacting Article 162 requiring that affidavits be submitted to a judge to decide whether probable cause exists to issue the search warrant. To argue that the intent of the law is best found in the State Constitution is to disregard the legislature's authority to enact legislation to increase the rights held by the people under the Constitution.
I conclude the trial court erred in permitting probable cause to be established in the absence of a written statement supported by affidavit of the underlying facts and circumstances supporting a finding of probable cause. In allowing probable cause to be established solely by sworn testimony with none of the underlying facts in the affidavit, this Court has returned to the dictates of the constitutional provisions thereby overlooking the statutory requirement of an affidavit.
Furthermore, in light of decisions allowing a defendant to challenge the truth of the sworn statements which comprise probable cause, it is essential that a record be *1360 preserved for the defendant's review. See Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). When the underlying facts and circumstances are written down, and attached to the affidavit, the record is preserved. In contrast, when oral testimony is given under oath and not transcribed, as in the justice court system in Mississippi, then the defendant is forced to rely on the memory of the officers and judge who were present when such testimony was given. Moreover, the underlying facts and circumstances are not revealed to the defendant until such persons testify at a hearing challenging the issuance of the warrant which prevents a review of the underlying facts and circumstances when evaluating the need for a preliminary suppression motion. As pointed out by the Louisiana court in State v. Case, 363 So.2d 486, 488 (La. 1978), it prejudices the rights of the defendant too greatly for the prosecution to be able to rely on the testimony of the issuing magistrate, because his testimony suffered from the "passage of time and vagaries of memory." The Wisconsin Supreme Court, in Glodowski v. State, 196 Wis. 265, 271-72, 220 N.W. 227, 230 (1928) stated:
It is an anomaly in judicial procedure to attempt to review the judicial act of a magistrate issuing a search warrant upon a record made up wholly or partially by oral testimony taken in the reviewing court long after the search warrant was issued. Judicial action must be reviewed upon the record made at or before the time that the judicial act was performed. The validity of judicial action cannot be made to depend upon the facts recalled by fallible human memory at a time somewhat removed from that when the judicial determination was made. This record of the facts presented to the magistrate need take no particular form. The record may consist of the sworn complaint, of affidavits, or of sworn testimony taken in shorthand and later filed, or of testimony reduced to longhand and filed, or of a combination of all these forms of proof. The form is immaterial. The essential thing is that proof be reduced to permanent form and made a part of the record, which may be transmitted to the reviewing court.[1]
See also State v. Fariello, 71 N.J. 552, 366 A.2d 1313 (1976).
I also dissent from the majority's decision that the testimony of Robert Maxwell was admissible. He testified over objection that he purchased marijuana from Wilborn, the appellant, and detailed the circumstances of the purchase. In my opinion, this testimony misled the jury and thus, it is not clear whether Wilborn was tried for the sale of marijuana or for the possession of marijuana with intent to deliver. The charge laid in the indictment in pertinent part follows:
did unlawfully, wilfully & feloniously, possess a certain controlled substance, towit: Marijuana, in an amount greater than one ounce, but less than one kilogram, with the intent to deliver same, in violation of Section 41-29-139, Mississippi Code 1972, as Amended;
By its testimony the State developed the time of the search as, "between 6:30 and 7:00 I'd say" by one witness and, "approximately 6:30; about 6:30." by another. Maxwell testified that he and Hugh Nabors left about 6:00 to go to the appellant's house to buy some pot and that about ten minutes later he, "went in the house and bought the pot." An objection was interposed to this testimony because the indictment did not charge the defendant with the sale of marijuana or other drugs and because the defendant was prejudiced by such questions. The objection was overruled and the State's attorney developed the sale of marijuana to the 20 year old witness by the following questions and answers:
"Q. All right, once you got into the back of the house, what did you do?
*1361 A. We asked him for the pot.
Q. And then what did he do?
A. He weighed us up some.
Q. Where did he go to get it?
A. Outside."

.....
And then the following was asked:
"Q. And when he came back in, what did he have in his hand?
A. Something in a paper sack all wet.

.....
Q. And what did he do with that, and would you describe what it looked like?
A. Well it was a green leafy substance after he unwrapped it.
Q. What did he do with it?
A. Spread it out on the table; chopped it up.
Q. He chopped it up. And after he chopped it up, what did he do with it?
A. He put some in a bag and weighed it on the scales, put some more in it and weighed it again, and then he sold it to us and we left.
Q. Is the  Did he actually hand this to you and deliver it to your hand?
A. Not to my hand, no, sir.
Q. Into Hugh Nabors' hand?
A. Yes, sir.
Q. Is that man who delivered that substance into Hugh Nabors' hand in the courtroom today?
A. Yes.
Q. Would you point him out for us, please?
A. Sitting right there. (Witness pointing).

.....
THE COURT: Let the record show the witness identified the defendant."
The witness then testified that he was arrested and pled guilty to having marijuana. This leaves the burning question of whether the defendant was prejudiced by this testimony or, more seriously, whether he was convicted of a crime of which he was not indicted.
As early as 1889, this Court recognized the rule that evidence of other crimes, those not charged in the indictment, is inadmissible because it "tends to divert the minds of the jury from the true issue, and to prejudice and mislead them; and the defendant, being informed by the charge against him that he is to be tried for a specific offense, is not prepared to defend against other offenses." Whitlock v. State, Miss., 6 So. 237, 238 (1889). See also Floyd v. State, 166 Miss. 15, 148 So. 226 (1933). From the testimony it is obvious the sale of marijuana to Maxwell occurred some 20 or more minutes before the search of the appellant's house. Moreover, it was removed in distance from the house as the Maxwell arrest occurred "down the road". In my opinion it was a separate and distinct crime from that charged in the indictment, testimony of which should not have been permitted into evidence.
By analogy I think the case of Coleman v. State, 198 Miss. 519, 23 So.2d 404 (1945) is apropos wherein it was stated:
As to the remaining assignment, appellant has good grounds for her complaint. It was competent for the State to show the motive of appellant in attempting to burn the house, if she did so, and it was competent, therefore, to show that appellant was intensely enamored of a man believed by her to be in the house with another woman and that her purpose, driven by her jealousy, was to burn him out of there, as two or three witnesses say she threatened at the time. When this motive was shown it was enough, so far as her relations with this man and his relations with her were concerned; but the cross-examinations by the prosecuting attorney both of the defendant and of the man in the case, who was one of her witnesses, were permitted to descend into *1362 inquiries which were put and stressed in such manner as to introduce incidental or collateral matters of a highly inflammatory nature and which had no place in the trial either as a matter of propriety or of fairness.
We do not pursue the details except to say that at points in this record it is difficult to tell whether the prosecution was for the attempted arson laid in the indictment, or whether for unlawful cohabitation, or whether the arraignment was for immorality in general.
Appellant's counsel vigorously objected to all this collateral and excessive matter, and repeatedly did so without avail. Incompetent evidence pressed upon the jury as this was, especially if of an inflammatory character, is presumed to have been harmful, and it is only when we can say with confidence that it had, in all probability or likelihood, no such effect that we may decline to reverse on account of it... .
Likewise it is difficult here to tell whether the prosecution was for possession of marijuana as laid in the indictment, or for the sale of marijuana, or whether the arraignment was for drugs in general. Indeed, I find it impossible to determine whether Wilborn was by the jury's verdict convicted of possession of marijuana or for its sale.
I would reverse.
HAWKINS, J., joins in this dissent.
BROOM, J., joins in this dissent as to the testimony of Robert Maxwell.
BROOM, Justice, concurring in part and dissenting in part:
I concur with the majority decision written by Justice Walker as to that part of his opinion designated as Part I dealing with the question of the search warrant's validity. As to that part of his opinion designated as Part II, I differ from the majority opinion as written by Justice Walker. As to this aspect of the case, I concur with the views expressed by Chief Justice Patterson as to his opinion that the testimony of Robert Maxwell was inadmissible.
NOTES
[1] Although a record or tape recording of the sworn oral testimony does not meet the affidavit requirement of Section 41-29-157, nevertheless such would alleviate the danger of the oral testimony being lost by faded memories, removal of witnesses or death.